## T. E. WILLIAMS et al. vs. S. E. DEVINE.

1. REPLEVIN : *Pleadings therein.   Case in judgment.*
 Two junior trust deeds were executed to different beneficiaries. Each trustee took possession of part of the property conveyed. The trustee in the senior and superior trust deed brought replevin for the property, making but one affidavit, etc. But one writ was issued, which was levied upon all the property in the hands of both trustees. Each trustee executed a separate bond and retained possession of the property. But one declaration was filed against both trustees jointly, who jointly filed the plea of general issue. In this form the case was presented to the court for trial, which rendered two separate judgments against both trustees for different amounts. *Held,* that these double verdicts, being rendered upon but one declaration, with but one plea, are void; that there should have been either two declarations, or but one judgment, and that this error is not cured, after verdict, by the statute of jeofails.

ERROR to the Circuit Court of *Leake* County.

Hon. W. B. CUNNINGHAM, Judge.

All the material facts in the case are stated in the opinion of the court.

It is assigned for error :

1. The court below erred in giving judgment for the plaintiff below.

2. In entering two judgments in one and the same case.

3. In not giving judgment for the defendants.

4. In overruling the motion for a new trial.

*Raymond Reid*, for plaintiffs in error :

The writing of June, 1875, intended to be a deed in trust when executed by both grantors, was not filed for record until after the filing of the deed in trust by the defendants below, and, being older in point of filing for record, should hold the property. The notice, if any, the defendants had of plaintiff's trust deed, was at a time when it was unfinished, unexecuted by the joint grantors, and was not a trust deed in fact or in law, and notice of it was not notice of a trust deed. 15 Mass., 233 ; 4 Pick., 252. They could not be precluded by such an unfinished deed. 4 Kent (7th ed.), 180.

Two judgments were entered up in one and the same case. This was error ; under that state of pleadings only one judgment could be legally entered.

*A. H. Handy*, for defendant in error :

The trust deed to Devine, trustee, by Hutchens, was valid without the signature of the wife, as it does not appear that she had any interest in the property. It appears that Harris had actual notice of the deed of June, 1875. Jordan had notice, also, and stated at the time of the execution of the deed for his benefit that *now he would beat Weil & Co. by the record*. Harris and Jordan combined to "beat" Weil & Co., and went together to Hutchens' house to get their deeds, and they cannot claim to be purchasers without notice. 6 How., 382 ; Dixon *v.* Doe, 1 S. & M., 70 ; 5 S. & M., 545. As to the entry of two judgments in the case, the objection was not raised in the court below, and it is too late to raise it here for the first time.

*O. A. Luckett*, on the same side.

CHALMERS, J., delivered the opinion of the court.

The contest is in replevin, as to the right of possession to

personal property which had been conveyed by the owner, by several separate trust deeds, to different trustees.

The elder trust deed must prevail, for, although it was last recorded, it is admitted that the grantees in the junior conveyances had full notice of the senior. The senior was withheld from record for the purpose of obtaining the signature of the grantor's wife, but the property involved belonged to the husband, and as to him the execution was complete.

The ruling of the court below was in accordance with this view, and therefore correct; but the judgment, or rather judgments—for there were two of them—were so irregular that they cannot be maintained. There were two junior trust deeds, to different beneficiaries, and with different trustees. Each of these trustees took possession of a portion of the crop in the fall. Thereupon the trustee in the senior and superior trust deed sued out a writ of replevin against them jointly, making but one affidavit, in which he averred that the property was in the possession of Williams and Cotton, the trustees in the junior incumbrances. A single writ was issued and levied on all the property in the possession of both defendants. Each defendant, however, gave a separate replevin bond, each replevying the property found in his possession.

The plaintiff, following his own affidavit, filed but one declaration, which was against Williams and Cotton jointly, and claimed of them all the property in litigation as if the same, without division, was in the hands of both jointly. The defendants jointly plead the general issue. The case was submitted to the court without the interposition of a jury.

The court made two separate findings, both in favor of the plaintiff, and rendered two separate judgments against both defendants for different amounts.

The result is that there is one judgment for a specified list of personal property, or its alternate value, which is fixed at $124, rendered against both defendants, and this is immediately followed by another judgment for certain other specified

property, or for $212, its alternate value, against the same two defendants.

These double judgments are rendered upon but one declaration, with but one plea.

It is manifest that they cannot be maintained. Counsel insist that it is nothing more than a misjoinder of parties, and cannot be objected to after verdict, under the statute of jeofails, § 622 of Code.

This might have been so if a single judgment had been pronounced and a single verdict rendered, but there were two verdicts and two judgments for different amounts, upon one declaration.

There was a joinder as to the pleadings and a severance as to the verdict and judgment. There should have been either two declarations or but one judgment.

The verdicts and judgments are reversed and set aside, and the cause remanded with leave to amend pleadings if desired.